UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SANTWALA WILLIAMS

VERSUS

RACETRAC PETROLEUM, INC.

CIVIL ACTION

NUMBER 09-141-SCR

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's Motion for Summary Judgment. Record document number 25. The motion is opposed.[1]

Plaintiff Santwala Williams filed this action alleging that she was subjected to sexual harassment by a male co-employee, Delvin Coston, and was subsequently terminated in retaliation for attempting to file a sexual harassment complaint with her employer. At the time of the alleged harassment, the plaintiff was working at a Racetrac gas station as a night shift manager. Plaintiff alleged that during a night shift on August 5-6, 2008, Coston referred to her as a "stupid bitch" at least three times and raised his hands, threatening to hit her. Plaintiff alleged that on August 6 and 15 she inquired with her store manager and area manager about filing a sexual harassment complaint. Plaintiff was terminated from her employment on August 16 for an alleged inconsistency in her description of the events. Plaintiff sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

---

[1] Record document number 29. Defendant filed a reply. Record document number 32.

Defendant moved for summary judgment seeking dismissal of both the plaintiff's hostile work environment and retaliation claims.

Defendant argued that the plaintiff's hostile work environment claim could not succeed because there was no evidence showing that the August 5-6 incident occurred because of the plaintiff's sex. Defendant argued that the comments and actions made by Coston that night do not suggest a general hostility toward women in the workplace. Defendant also argued that the Coston's action were not severe or pervasive enough to create an abusive working condition. Defendant asserted that it remedied the situation with an effective response.

Defendant also argued that the plaintiff cannot establish a prima facie case of retaliation because she did not engage in an activity protected by Title VII. Specifically, the defendant argued that the plaintiff's complaint about Coston concerning the August 5-6 incident was not a protected complaint of sexual harassment.

## Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing

party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). A plaintiff establishes a prima facie case for unlawful retaliation under 42 U.S.C. § 2000e-3(a) by proving: (1) that he or she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal connection exists between the protected activity and the adverse employment action. *Lemaire v. State of Louisiana*, 480 F.3d 383, 388 (5th Cir. 2007).

An employee has engaged in protected activity if he or she has (1) opposed any practice made an unlawful employment practice by the statute, or (2) made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing. *Grimes v. Texas Dept. of Mental Health*, 102 F.3d 137, 140 (5th Cir.1996). The opposition clause requires the employee to show that he or she had at least a reasonable belief that the practices opposed were unlawful. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). However, proof of an actual unlawful employment practice is not required to state a claim for unlawful retaliation. *Id.*, at 309, n.10, *citing*, *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1137-41 (5th Cir. 1981).

An employee's informal complaint to an employer may constitute participation in a protected activity, provided that the complaint is in opposition to conduct that is unlawful and the employee holds a good faith, reasonable belief of the conduct's unlawfulness. *Cavazos v. Springer*, 2008 WL 2967066, 7 (S.D.Tex. Aug. 8, 2008), *citing*, *Burlington Northern*, 548 U.S. at 58. "Complaints to employers that do not complain of conduct protected by Title VII do not constitute protected activities under the statute." *Id*.

Title VII's retaliation provision is not limited to actions and harms that relate to employment or occur at the workplace. It covers employer actions materially adverse to a reasonable

4

employee, that is, actions that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67, 126 S.Ct. 2405, 2415 (2006); *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008).[2]

The causal link required by the third prong of the prima facie case does not have to meet a "but for" standard. A plaintiff does not have to prove that his protected activity was the sole factor motivating the employer's challenged actions in order to establish the causal link element of a prima facie case. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Close timing between an employee's protected activity and an adverse action against the employee may provide the causal connection needed to make out a prima facie case of retaliation. *McCoy v. City of Shreveport*, 492 F.3d 551, 562, n. 28 (5th Cir. 2007); *Swanson v. General Services Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

If the plaintiff establishes a prima facie case of retaliation, the defendant must come forward with a legitimate, nonretaliatory reason for its adverse employment action. Once the defendant advances its reason, the focus becomes the ultimate issue in a retaliation case, which is whether the employer retaliated

---

[2] *Burlington* overruled Fifth Circuit precedent which limited actionable Title VII retaliatory conduct to ultimate employment decisions. *Burlington*, 126 S.Ct. at 2410.

5

against the employee because he or she engaged in protected activity.  Although not in itself conclusive, the timing of an employer's actions can be a significant factor in the court's analysis of a retaliation claim.  *Gee*, 289 F.3d at n.3, *citing*, *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir. 1992).

For Title VII retaliation claims, the recent Fifth Circuit decision in *Smith v. Xerox Corp.*[3] modified the law applicable to a plaintiff's burden of proving retaliation.  In *Smith* the defendant challenged the district court instructing the jury on a mixed-motive theory of causation, which allowed the jury to find for the plaintiff on her retaliation claim with only a "motivating factor" rather than "but-for" causation.[4]  The court considered the Supreme Court's analysis of the statutory words "because of" in *Gross v. FBL Financial Services, Inc.,* an ADEA case.[5]  The court concluded that *Gross* was not controlling because it was an ADEA case that did not involve the standard for causation and shifting burdens in a

---

[3] 602 F.3d 320 (5th Cir. 2010).

[4] The plaintiff in *Smith* brought claims of discrimination based on gender, age and retaliation.  The jury returned a verdict in favor of the defendant on the claims of gender and age discrimination, but on the retaliation claim found in Smith's favor.  The jury "concluded in a special interrogatory that Smith proved her EEOC charge was a motivating factor in Xerox's termination decision." *Id*.

[5] ____ U.S. ____, 129 S.Ct. 2343 (2009).  In *Gross* the Supreme Court held that under the federal age discrimination statute (ADEA), the ordinary meaning of the words, "because of" require a showing that the adverse employment action would not have occurred but for the prohibitive motive. *Id*., at 2350.

6

Title VII retaliation case. Therefore, the court looked to its Title VII retaliation precedents based on *Price Waterhouse v. Hopkins*,[6] and the Supreme Court decision in *Desert Palace, Inc. v. Costa*.[7] The court concluded that a mixed-motive theory may still be used in Title VII retaliation cases, and a plaintiff is not required to have direct evidence of retaliation in order to proceed under this theory.

Prior to *Smith*, the Fifth Circuit had stated that for a plaintiff to prevail on a Title VII retaliation claim, the plaintiff had to prove that the adverse employment action would not have occurred but for the protected activity. *Strong v. University Health Care System, L.L.C.*, 482 F.3d 802, 806 (5th Cir. 2007);[8] *Septimus v. University of Houston*, 399 F.3d 601, 608-09 (5th Cir. 2005); *Vadie v. Mississippi State University*, 218 F.3d 365, 374 (5th Cir. 2000). Stated another way,"[w]hether or not there were other reasons for the employer's actions, the employee will prevail only by proving that 'but for' the protected activity she would not have been subjected to the action of which she claims." *Jack v. Texaco Research Center*, 743 F.2d 1129, 1131 (5th Cir. 1984). It is now apparent from the Fifth Circuit's analysis in *Smith* that a

---

[6] 490 U.S. 228, 109 S.Ct. 1775 (1989).

[7] 539 U.S. 90, 123 S.Ct. 2148 (2003).

[8] "We think our decision in *Septimus* leaves no doubt that the but for standard controls." *Strong*, 482 F.3d at 806.

plaintiff may also satisfy the burden of proving retaliation by demonstrating that unlawful retaliation was a motivating factor in the employer's adverse employment decision.

Therefore, to withstand summary judgment, Title VII requires that the plaintiff, using direct or circumstantial evidence, present sufficient evidence for a reasonable jury to conclude that retaliation was a motivating factor for the defendant's employment action.  *See*, *Roberson v. Alltel Information Services*, 373 F.3d 647, 652 (5th Cir. 2004), *citing*, *Desert Palace*, 539 U.S. at 101, 123 S.Ct. at 2155.

## **Analysis**

A review of the evidence and the parties arguments in the light most favorable to the plaintiff shows that an issue of material fact exists with regard to the plaintiff's retaliation claim.

To defeat the retaliation claim, the defendant only argued that the plaintiff could not establish the first element of her prima facie case.  Plaintiff testified that prior to the August 5-6 incident, Coston made flirtatious advances towards her and commented on her figure on multiple occasions.[9]  Plaintiff

---

[9] Record document number 25-3, Exhibit 2, Plaintiff's deposition, pp. 128-129, 255, 261-266.  Defendant noted that some of the deposition testimony regarding the plaintiff's account of Coston's flirtatious behavior prior to the August 5-6 incident was contradicted by testimony she gave during the continuation of her
(continued...)

testified that she notified her manager of Coston's comments and flirting and she told the manger that she did not like it and that it made her feel uncomfortable.[10] Plaintiff also testified that after the August 5-6 incident, she specifically stated to her manager that she wanted to report the incident to the sexual harassment department and make a sexual harassment claim against Coston.[11] Plaintiff stated that she also requested the company's "800-sexual-harassment line."[12]

This evidence is sufficient to raise a genuine issue of fact as to whether the plaintiff held a good faith, reasonable belief that the practices she opposed were unlawful under Title VII.

Defendant argued that the plaintiff did not consider the August 5-6 incident an act of sexual harassment in terms of sexual relations, and the plaintiff did not have any first hand knowledge that Coston was generally hostile towards women. Defendant also argued that Coston's use of the term "bitch" during the dispute did not constitute actionable sexual harassment.

To establish her prima facie retaliation claim, the plaintiff

---

[9](...continued)
deposition. This is essentially an argument that the plaintiff lacks credibility. The court cannot weigh the credibility of the witnesses when ruling on a motion for summary judgment.

[10] *Id*. at 265-266.

[11] *Id*. at 167-168.

[12] *Id*. at 291.

9

is not required to show that actual sexual harassment occurred, but that she had a reasonable good faith belief that the harassment was based on her sex.[13]  Although the plaintiff testified that Coston did not mention sex or express a desire to be with the plaintiff in a sexual manner at the time of the incident,[14] she testified about the flirtatious behavior and comments he made regarding her appearance prior to the incident at issue.

Considering this evidence along with the plaintiff's account of Coston's behavior during the incident,[15] an issue of material fact exists as to whether the plaintiff had a reasonable good faith belief that she had been harassed by Coston because of her sex.

With respect to the plaintiff's hostile work environment claim, the plaintiff conceded that she could not establish a prima facie case, specifically that she could not show that the employer was negligent and failed to take prompt remedial action.  Thus, her hostile work environment claim based on sexual harassment fails as a matter of law.

## Conclusion

Accordingly, the Defendant's Motion for Summary Judgment is granted in part and denied in part.  Plaintiff's claim based on a

---

[13] *See*, *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) and *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 523 (5th Cir. 2001).

[14] Plaintiff's deposition, pp. 268-269.

[15] *Id.* at pp. 139-142.

hostile work environment is dismissed.  In all other respects, the defendant's motion is denied.

Baton Rouge, Louisiana, May 20, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE